AMY, J.,
concurring in part and dissenting in part.
I join in the majority opinion with regard to the imposition of damages against the defendant limited liability company.
However, I respectfully dissent from the remainder of the majority opinion since I conclude that the trial court erred in finding Mr. Lenard personally hable. In reasons for ruling, the trial court found Mr. Lenard “professionally negligent” and imposed personal liability, concluding that it was Mr. Lenard’s responsibility to ensure the quality of the elevation and foundation work. In my opinion, the record does not support a determination that personal liability was appropriate pursuant to La.R.S. 12:1320(D).
Louisiana Revised Statutes 12:1320(B) broadly provides that:
Except as otherwise specifically set forth in this Chapter, no member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company.
Louisiana Revised Statutes 12:1320(D) thereafter sets forth exceptions to that general pronouncement, providing for an LLC member/manager’s liability upon “any breach of professional duty or other negligent or wrongful act by such person[.]” (Emphasis added.)
Under the facts of this case, I do not see that Mr. Lenard, who testified that he is a licensed contractor, may be considered a “professional” within the context of the statute. Rather, I view the breach of professional duty exception as one that must arise within the context of those professions whose members owe separate, non-contractual duties to their clients. Other *1290 wise, it seems to me that any member/manager/employee of an LLC working within that LLC’s business could be held personally liable upon a finding that he or she was “professionally negligent” as was determined in this case. It is my view that such a broad reaching application would circumvent, and render meaningless, the limitation of liability otherwise provided by La.R.S. 12:1320(B).
Recently, in Ogea v. Merritt, 13-1085 (La.12/10/13), 130 So.3d 888, 900, the supreme court specifically refrained from reaching the question of whether a general contracting license “elevates an individual to the status of a ‘professional’ as contemplated by the legislature[.]” It noted, however, that at the time the LLC statutes were enacted, the term “professional” had a defined meaning within the body of business law and that statutory provisions existed for the creation of a variety of professional corporations. Id. Those professional corporations are designated within Revised Statutes Title 12 and include professional corporate entities for law, medical, dental, accounting, chiropractic, nursing, architecture, optometry, psychology, veterinary medicine, occupational therapy, and social work. Contracting is not included among those professional corporations listed in Title 12. Additionally, and again within the context of the limited liability law, the supreme court observed that the definition of “business” makes a distinction between a “trade” and a “profession.” Id. at 899. See also La.R.S. 12:1301(A)(2). See also La.R.S. 37:2150 (which references the “contracting vocation ”)(emphasis added). Given the lack of indicia that contractors owe separate, non-contractual duties to their clients as members of traditionally accepted professions may, I do not find that the plaintiff has demonstrated that the “breach of professional duty” exception applies to Mr. Lenard in his personal capacity.
Alternatively, La.R.S. 12:1320(D) provides for a cause of action against an LLC member for “other negligent or wrongful act by such person[.]” In analyzing this exception, the supreme court identified four factors to be considered in balancing the limitation of liability provided by the statute while also affording the terms “negligent” and “wrongful” acts their commonly understood meaning:
1) whether a member’s conduct could be fairly characterized as a traditionally recognized tort;
2) whether a member’s conduct could be fairly characterized as a crime, for which a natural person, not a juridical person, could be held culpable;
3) whether the conduct at issue was required by, or was in furtherance of, a contract between the claimant and the LLC; and
4) whether the conduct at issue was done outside the member’s capacity as a member.
Ogea, 130 So.3d at 901. It is the last two factors that I find determinative of this case.
Certainly, in my opinion, the complained-of conduct here (the supervision of his own employees or of subcontractors in the elevation aspect of the construction) was required by or in furtherance of the contract between the plaintiff and the LLC. On this point, the supreme court remarked that, since an LLC is a juridical person, “it follows that if the reason a member is engaged in the conduct at issue is to satisfy a contractual obligation of the LLC, then the member should be more likely to qualify for the protections of the *1291 general rule of limited liability[.]” Ogea at 904. In this case, the contract at issue was, in fact, entered into between the plaintiff and the LLC. Further, it is clear from the testimony that the elevation/foundation work was tasked to that company. Thus, in my opinion, Mr. Lenard’s role in the supervision of his own employees and/or subcontractors in that aspect of the home construction was in furtherance of that contract.
As for the final element of whether Mr. Lenard’s conduct arose inside or outside of the LLC, it seems to me that, while perhaps ultimately negligent, that conduct was again within the context of the LLC’s business. There is no indication that Mr. Lenard was acting in his own personal capacity. Although the plaintiff testified that the signature on the underlying contract was that of Mr. Lenard, the contract lists the parties as the plaintiff and the contracting company. It did not list Mr. Lenard personally as the contractor.
Notably, the trial court rendered judgment in this case prior to the supreme court’s release of Ogea. However, the reasons for ruling in this case essentially reveal a finding of poor workmanship for which Mr. Lenard, as contractor, was responsible. Yet, Ogea, 130 So.3d at 905, explains that “a showing of poor workmanship arising out of a contract entered into by the LLC, in and of itself, does not establish a ‘negligent or wrongful act’ under La.R.S. 12:1320(D). To hold that poor workmanship alone sufficed to establish personal liability would allow the exception in La.R.S. 12:1320(D) to negate the general rule of limited liability in La.R.S. 12:1320(B).”
Thus, finding neither of the exceptions of La.R.S. 12:1320(D) applicable, I would reverse the trial court’s imposition of personal liability. I would affirm the remaining aspects of the case.